[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: January 7, 1994 DATE OF APPLICATION: January 10, 1994 DATE APPLICATION FILED: January 10, 1994 DATE OF DECISION: July 27, 2001
Application for review of the sentence imposed by the Superior Court, Judicial District of New Haven, Docket Numbers: CR6-349970, CR6-349971, CT Page 11596 CR6-351856, CR6-349972.
Avery Chapman, for the Petitioner
Robert O'Brien, for the State of Connecticut
 BY THE DIVISION
On January 7, 1994, the petitioner pled guilty to Felony Murder, Murder, Assault 2nd Degree with a Firearm and Aiding Manslaughter 1st
Degree. The petitioner received an effective sentence of seventy-five years to serve. The petitioner now seeks a reduction in his sentence.
The crimes for which the petitioner was sentenced all occurred in the fall of 1991. On September 5, 1991, at 8:20 p.m. the New Haven Police responded to a report of a shooting. The male victim had already been transported to St. Raphael's Hospital and police interviewed him there. He stated that he was on the porch when a man he knew as "Mike" approached him. Mike was angry with him and his family for working with the police to board up an empty house used by Mike and others for the sale of drugs. The victim sustained a gunshot to the leg. The victim identified the defendant through a photo array.
On September 18, 1991, at approximately 10:00 p.m. New Haven Police responded to the report of a shooting on James and Wolcott Streets. Police found the victim suffering from a gunshot wound to his head, from which injury he later died.
Witnesses described the victim's assailant and stated that the victim was shot for refusing to give up his chain to the offender. Police found a piece of gold chain near the victim's body. Later, a witness said that he picked up Michael Cox shortly after the shooting and Cox had a handgun and gold chain and he told the driver that he had just shot someone for refusing to give up the chain.
On November 29, 1991, at approximately 5:00 p.m. New Haven Police responded to the report of a shooting on Congress Street. The police found one victim suffering from a gunshot wound to the abdomen and a second victim with a gunshot wound to the shoulder. The first victim died later that day from his injuries. CT Page 11597
The police determined that earlier in the day the victim had argued with a man over a CB radio. Later the man went back to the scene with another friend and Michael Cox. The three men approached the victim who was now with the second victim and the argument renewed. During the argument, Michael Cox said, "Fuck it" and pulled out a handgun and fired four times. The surviving victim and other witnesses identified Michael Cox as the shooter and Cox, upon his arrest, admitted his involvement.
On November 30, 1991, at 8:00 p.m. New Haven Police responded to a report of shooting. Upon arrival they found the victim on the living room floor suffering from gunshots wounds to his chest and various blunt traumas to his head. Also present at the scene was the apartment resident and the victim's girlfriend.
The girlfriend reported that there was a knock at the door. She answered and was met by two black males who asked for the victim. She called her boyfriend and when he came to the door, a third black male appeared with a shotgun and fired at the victim and then struck him in the head with the gun butt. The victim died as a result of his injuries.
Cox was identified as being at the scene of crime and being seen earlier with possession of the gun. He later admitted giving the gun to Frank Pugh, who did the actual shooting and was charged as the principal.
The sentence in the instant case recognizes the fact that some individuals are simply too dangerous to live freely in society. The petitioner's previous record included three felonies and a violation of probation. The petitioner was involved in the violent deaths of three citizens and the wounding of another. As noted in the petitioner's pre-sentence report incarceration was the only alternative.
When dealing with a sentence designed to protect society the merit of a longer rather than a shorter sentence is apparent. The petitioner's long term imprisonment is neither inappropriate nor disproportionate but rather mandated by reason, logic and common sense.
O'KEEFE, JUDGE.
KLACZAK, JUDGE.
NORKO, JUDGE.
Klaczak, Norko and O'Keefe, J.s, participated in this decision. CT Page 11598